# EXHIBIT 1

FILED
2015 MAR 27 PM 3 07
WARREN CIR/DIST COURT
BRANDI DUVALL, CLERK
BY_____ D.C.

COMMONWEALTH OF KENTUCKY
8th JUDICIAL CIRCUIT
WARREN CIRCUIT COURT, DIVISION ___
CIVIL ACTION NO. 15-CI-354

WILLIAM S. HOPKINS                                                    PLAINTIFF

-vs-                         **VERIFIED COMPLAINT**

AMERITAS LIFE INSURANCE CORP                                          DEFENDANT

    Serve:  CT Corporation System
              306 W. Main St., Suite 512
              Frankfort, KY 40601

Comes the Plaintiff, William S. Hopkins, by and through counsel, and for his Verified Complaint against the Defendant, states as follows:

## PARTIES

1. The Plaintiff, William S. Hopkins, is a resident of Bowling Green, Warren County, Kentucky and has been during all relevant times referenced herein.

2. Ameritas Life Insurance Corp (hereinafter "Ameritas") is a foreign corporation registered to do business in the Commonwealth of Kentucky with the Kentucky Secretary of State. The Defendant has specified with the Secretary of State a registered agent who may be served with process as follows: CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

## JURISDICTION AND VENUE

3. This Court has proper jurisdiction and venue for adjudication of

1

this matter.

4. The Defendant is a foreign corporation conducting business within the Commonwealth of Kentucky, including writing insurance coverage and providing insurance benefits to Kentucky residents, including the Plaintiff. The Defendant has sufficient business contacts with the Commonwealth of Kentucky to establish personal jurisdiction.

5. At all times referenced herein, the Plaintiff has been a citizen and resident of Bowling Green, Warren County, Kentucky. The insurance contract which forms the basis of the parties' relationship was entered into in Warren County, Kentucky. All insurance benefits paid to the Plaintiff have been received by him in Warren County, Kentucky. All communications between the parties have been received or originated in Warren County, Kentucky.

6. The amount in dispute between the parties exceeds the jurisdictional minimum limits of this court.

## BREACH OF CONTRACT

7. On or about February 15, 2000, the Plaintiff purchased from Union Central Life Insurance Company of Cincinnati, Ohio a policy of disability insurance.

8. At the time of the Plaintiff's purchase of an insurance policy with Union Central Life Insurance Company, the Plaintiff was self-employed as an endodontist in Bowling Green, Warren County, Kentucky. The policy of

insurance purchased was an "own occupation" disability insurance policy, meaning that should the Plaintiff become disabled from performing his same occupation, endodontics, he would be entitled to benefits under the policy.

9. The Plaintiff became disabled from practicing endodontics in 2004. He has remained disabled from practicing endodontics through the date of this Verified Complaint and will remain so into the future.   *2004-2014*

10. A claim was made against the policy of disability income insurance purchased from Union Central Life Insurance Company on or about January 16, 2004. The claim was accepted and approved, and Union Central Life Insurance Company commenced payment of disability income benefits on or about January 18, 2004.

11. As of July 1, 2014, Union Central Life Insurance Company merged into Defendant Ameritas Life Insurance Corp. Based upon information and belief, Ameritas is the successor in interest and has assumed all obligations of the Union Central Life Insurance Company, including the disability income policy owned by the Plaintiff.

12. Union Central Life Insurance Company/Ameritas continued to pay disability income benefits under the policy to the Plaintiff through June 18, 2014.

13. At no time during the period between commencement and cut-off of benefits did the Plaintiff fail to comply with any request or fail to provide any requested documentation concerning his claim.

14. In correspondence dated July 16, 2014, Ameritas informed the Plaintiff that disability income benefits were being cut off and discontinued, and further notified the Plaintiff that Ameritas had determined there had been an overpayment of disability benefits for the period of January 18, 2012 to June 18, 2014. As a result, Ameritas requested that the Plaintiff remit and/or refund funds in the amount of $83,103.20 to Union Central Life Insurance Company. In the July 16, 2014 correspondence, Ameritas also informed the Plaintiff that Ameritas was closing his claim effective January 18, 2012.

[handwritten margin note: *overpayment 2012-2014*]

Based upon the text of the correspondence, Ameritas determined that the maximum benefit had been paid under the policy due to a unilateral determination by Ameritas classifying the Plaintiff's disability in a very narrow manner in order to limit exposure under the policy. No disability income benefits have been paid to the Plaintiff since the July 16, 2014 correspondence. Based upon information and belief, disability income benefits were paid by Ameritas through June 18, 2014.

15. The Defendant has breached its contract, the disability insurance policy, resulting in damages to the Plaintiff, including loss of benefits, mental anguish, emotional distress, and attorney fees.

16. The Plaintiff has at all times since January 18, 2012 been totally disabled from practicing endodontics and is entitled to continued disability income benefits from Ameritas in accordance with the terms of the policy.

## BAD FAITH

17. Plaintiff realleges and reavers all allegations set forth in the previous paragraphs herein.

18. Based upon information and belief, the merger of Union Central Life Insurance Company into Ameritas Life Insurance Corp occurred on or about July 1, 2014. Ameritas determined on July 16, 2014 that it no longer was responsible for payment of disability income benefits to the Plaintiff under the previously purchased Union Central Life Insurance Company policy.

19. Ameritas made a unilateral determination that the Plaintiff's disability was caused solely by a mental or nervous disorder as of January 14, 2010 in order to rely upon an endorsement in the policy that states benefits for mental and nervous disorders are payable for a lifetime maximum of 24 months.

20. No notice prior to July 16, 2014 had been given by Ameritas or its predecessor in interest, Union Central Life Insurance Company, that the insuror(s) were not taking into consideration the Plaintiff's long-standing physical and medical disabilities that initially and throughout the period of benefits formed bases of the claim for benefits. Ameritas chose to ignore numerous medical and/or occupational impairments that formed the bases for the Plaintiff's claim for continued benefits.

21. Subsequent to July 16, 2014, Ameritas made factual

misstatements to the Ohio Department of Insurance concerning Plaintiff's medical conditions and their dates of onset.

22. Over eight months have now passed since Ameritas determined to discontinue payment of benefits in violation of the policy terms. Despite repeated requests by the Plaintiff for a reevaluation of the claim for benefits, Ameritas has not taken appropriate steps to process the Plaintiff's claim for continued benefits or to correctly identify the medical and occupational impairments that warrant benefits. Despite months of representation by Ameritas that the Plaintiff would be scheduled for independent medical examinations, over seven months passed before Ameritas had the Plaintiff seen for evaluation by an independent neurologist. Ameritas has not provided Plaintiff or his counsel a copy of that independent medical examination report, choosing instead to schedule a second independent medical evaluation with an orthopedic.

23. Ameritas has had a continuing obligation to pay disability income benefits to the Plaintiff under its policy.

24. Ameritas lacks a reasonable basis for termination of benefits, for requesting reimbursement of $83,103.20, and for failing to reconsider the Plaintiff's claim for benefits under the policy.

25. Ameritas knew there was no reasonable basis to deny the Plaintiff's claim.

26. Ameritas acted with reckless disregard for whether a reasonable

basis existed to deny Plaintiff's claim.

27. Ameritas has wrongfully refused to pay Plaintiff's claim for disability insurance benefits, and Plaintiff is entitled to recover therefore under a common law claim of bad faith.

28. Ameritas' actions are in violation of Kentucky's Unfair Claims Settlement Practices Act.

29. The Plaintiff is entitled to recover compensatory and punitive damages and attorney fees due to Ameritas' bad faith.

## VIOLATION OF CONSUMER PROTECTION ACT

30. Plaintiff realleges and reavers all allegations set forth in the previous paragraphs herein.

31. Ameritas' actions in failing to fulfill its contractual obligations, terminating Plaintiff's benefits, and in its treatment of the Plaintiff subsequent to the July 16, 2014 correspondence violate Kentucky's Consumer Protection Act.

32. Ameritas' actions constitute unfair, false, misleading and deceptive acts or practices in violation of Kentucky's Consumer Protection Act.

33. Due to Consumer Protection Act violations by Ameritas, the Plaintiff is entitled to recover compensatory and punitive damages, and attorney's fees.

## DAMAGES

34. Plaintiff realleges and reavers all allegations set forth in the previous paragraphs herein.

35. Due to the intentional misconduct or reckless disregard of Plaintiff's rights by Ameritas, the Plaintiff is entitled an award of punitive damages.

36. The Plaintiff is entitled to compensatory damages for disability income benefits from June 18, 2014 to the date of trial.

37. The Plaintiff is entitled to future disability income benefits under the policy of insurance purchased from Union Central Life Insurance Company, now Ameritas Life Insurance Corp.

38. Plaintiff has suffered damages as a result of an intentional tort and is entitled to damages for emotional distress and mental anguish as a consequence thereof.

39. Plaintiff is entitled to an award of attorney fees pursuant to KRS 304.12-235(3) and/or KRS 367.220(3).

WHEREFORE, the Plaintiff herein requests judgment of the Court as follows:

1. For a trial by jury;

2. For an award of damages to compensate for disability income benefits due under the insurance policy with the Defendant for dates inclusive between June 18, 2014 and date of judgment, plus interest;

3. For an award of future disability income benefits under the policy;

4. For an award of attorney fees;

5. For an amount that fairly compensates Plaintiff for the emotional distress and mental anguish occasioned as a consequence of Defendant's actions and omissions;

6. For an award of punitive damages; and

7. For any and all other relief to which the Plaintiff may appear entitled.

*/s/ Dov Moore*
Dov Moore
Law Office of Dov Moore, PLLC
941 Lehman Avenue, Suite 101
PO Box 587
Bowling Green, KY  42102-0587
270-846-7770

## VERIFICATION OF COMPLAINT

The undersigned, WILLIAM S. HOPKINS, hereby verifies that he is the Plaintiff in the lawsuit styled *William S. Hopkins vs. Ameritas Life Insurance Corp.* and further verifies that the statements and allegations set forth in the Verified Complaint are true and accurate to the best of his information and belief.

This 27th day of March, 2015.

_____
WILLIAM S. HOPKINS

COMMONWEALTH OF KENTUCKY )
                         )
COUNTY OF WARREN         )

Subscribed, sworn to and acknowledged before me by William S. Hopkins, this 27 day of March, 2015.

_____
NOTARY PUBLIC

My Commission Expires:
10-6-16
Notary ID Number:
_____

| AOC-105, Doc. Code: CI | | Case No. | 15-CI-354 |
|---|---|---|---|
| Rev. 1-07 | | Court | ☒ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | County | Warren |
| Court of Justice  www.courts.ky.gov | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

WILLIAM    S.    HOPKINS

856 Hampton Dr.

Bowling Green    Kentucky    42103

VS.

**DEFENDANT**

AMERITAS LIFE INSURANCE CORP
  SERVE:   CT Corporation System
  306 W. Main St., Suite 512
  Frankfort    Kentucky    40601

Service of Process Agent for Defendant:
CT CORPORATION SYSTEM

306 W. Main St., Suite 512

Frankfort    Kentucky    40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 3-27, 2015            By: _____ Clerk
                                 _____ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title



U.S. POSTAGE >> PITNEY BOWES
ZIP 42101 $ 007.00⁰
02 1W
0001376015 MAR. 30 2015

CERTIFIED MAIL™

7013 0600 0001 7351 2871

CIRCUIT COURT CLERK BRANDI D[...]
WARREN CIRCUIT & DISTRICT COU[RT]
WARREN COUNTY JUSTICE CENTE[R]
1001 CENTER STREET, SUITE 102
BOWLING GREEN, KENTUCKY 4210[1]

CI 15-CI-00354
608214

AMERITAS LIFE INSURANCE CORP.,
C/O CT CORPORTION SYSTEM
306 W. MAIN ST., SUITE 512
FRANKFORT KY 40601