UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00051-GNS

WILLIAM S. HOPKINS                                              PLAINTIFF

v.

AMERITAS LIFE INSURANCE CORP.                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Prosecution of Pending Litigation (DN 72) and Defendant's Motion to Strike or Seal and Impose Sanctions (DN 73). The motions are ripe for adjudication. For the foregoing reasons, the motions are **DENIED**.

### I.     BACKGROUND

Plaintiff William S. Hopkins ("Hopkins"), a self-employed endodontist, filed this lawsuit relating to a disability insurance policy he purchased from Defendant Ameritas Life Insurance Corp. ("Ameritas"). (Compl ¶¶ 7-8, DN 1-2). Hopkins subsequently became disabled and made a claim under the disability policy. (Compl. ¶ 10). Ameritas made disability income payments through June 18, 2014, when payments ceased because Ameritas believed it had overpaid Hopkins $83,103.20 in disability benefits. (Comp. ¶ 14).

Hopkins sued Ameritas in state court alleging breach of contract, bad faith, and a violation of the Kentucky Consumer Protection Act, KRS 367.110-.330. (Comp. ¶¶ 7-33). Ameritas then removed the lawsuit to this Court. (Notice Removal, DN 1). Through a private

mediator, the parties settled their dispute, and on October 30, 2017, the Court dismissed Plaintiff's claims with prejudice. (Report Mediation, DN 64; Agreed Order, DN 67).

## II. DISCUSSION

### A. Plaintiff's Motion for Prosecution of Pending Litigation (DN 72)

Hopkins moves *pro se* for prosecution of this lawsuit. (Pl.'s Mot. Prosecution Pending Litigation 1, DN 72). As this Court noted above, however, this case was closed on October 30, 2017, based on the parties' settlement, and there is no pending litigation in this Court to prosecute.

In addressing Plaintiff's motion, therefore, the Court must consider whether court rules permit any modification of the final judgment dismissing all claims with prejudice. In particular, Fed. R. Civ. P. 59 and 60 address when a court may revisit a judgment in a closed case.

#### 1. *Fed. R. Civ. P. 59*

Under Fed. R. Civ. P. 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because this lawsuit was dismissed on October 30, 2017, a motion under Fed. R. Civ. 59 had to be filed no later than November 27, 2017. Hopkins' present motion was filed on April 15, 2019, and is therefore untimely under that rule.

#### 2. *Fed. R. Civ. P. 60*

##### a. Fed. R. Civ. P. 60(b)(1)-(3)

Under Fed. R. Civ. P. 60(b)(1)-(3), a court may grant relief from a judgment based upon "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party . . . ." A motion for relief under any of these grounds must be filed within one year of the judgment. Because Hopkins' motion was not filed by October 30, 2018, he may not seek relief under Fed. R. Civ. P. 60(b)(1)-(3).

### b.     Fed. R. Civ. P. 60(b)(4)-(6)

Fed. R. Civ. P. 60 also provides that relief may granted on the following grounds: (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4)-(6). With the exception of void judgments, any motion for relief under Fed. R. Civ. P. 60(b)(5)-(6) must be made within a reasonable time, which is determined by the facts of each case. *See* Fed. Civ. 60(b); *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (citation omitted).

First, the Court must determine whether the judgment is void. As the U.S. Supreme Court has explained about Fed. R. Civ. P. 60(b)(4):

> "A judgment is not void," for example, "simply because it is or may have been erroneous." Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (internal citations omitted) (citations omitted). There is nothing in the record to indicate that the final judgment was void based on a lack of jurisdiction or a due process violation, so Fed. R. Civ. P. 60(b)(4) cannot be a basis for relief.

Likewise, there does not appear to be a basis for granting relief under Fed. R. Civ. P. 60(b)(5). With the exception of providing grounds for equitable relief, this provision is rarely

used by courts in granting relief. *See* 11 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2863 (3d ed. Apr. 2019). As one treatise notes:

> The fact that the rule allows relief if it is "no longer equitable" for the judgment to have prospective application is not a substitute for an appeal. It does not allow relitigation of issues that have been resolved by the judgment. Instead it refers to some change in conditions that makes continued enforcement inequitable.

*Id.* (internal footnotes omitted) (footnote omitted).

The Sixth Circuit has summarized the standard for relief articulated by the Supreme Court as follows:

> "A party seeking modification of a consent decree may meet its initial burden by showing a significant change either in factual conditions or in law," and that consequently, "modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree is designed to prevent."

*Brown v. Tenn. Dep't of Fin. & Admin.*, 561 F.3d 542, 546 (6th Cir. 2009) (internal citation omitted) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 388 (1992)). In this case, Hopkins' desire to relitigate a claim that he previously settled and voluntarily dismissed with prejudice is insufficient to satisfy the standard for relief under Fed. R. Civ. P. 60(b)(5).

Finally, the Court must consider whether there is any other reason justifying relief from the judgment under Fed. R. Civ. P. 60(b)(6). As the Sixth Circuit has explained:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief."

*Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted) (citation omitted). In his motion, Hopkins expresses frustration

over the financial outcome of his settlement after having to his own attorney's fees, and the circumstances leading up to and following the termination of his disability policy payments. Hopkins' apparent dissatisfaction with the terms of the settlement and his desire to relitigate his bad faith claim are not exceptional or extraordinary circumstances warranting relief under Fed. R. Civ. P. 60(b)(6).

For these reasons, Hopkins is time-barred from seeking relief under Fed. R. Civ. P. 59 or Fed. R. Civ. 60(b)(1)-(3). To the extent that he is seeking relief under Fed. R. Civ. P. 60(b)(4)-(6), he has failed to establish that he is entitled to relief under any of the grounds provided by those provisions. Accordingly, the Court will deny Hopkins' motion.

### B.     Defendant's Motion to Strike or Seal and Impose Sanctions (DN 73)

Ameritas moves to strike or seal Hopkins' motion and for the imposition of sanctions. (Def.'s Mot. Strike or Seal and Impose Sanctions 2-5, DN 73). While Ameritas is apparently frustrated by having to respond to Hopkins' post-judgment motion, the Court declines to strike or seal Hopkins' motion and, as explained above, the Court will deny Hopkins' motion because it fails to satisfy the requirements for relief under either Fed. R. Civ. P. 59 or 60.

Likewise, the Court declines to award sanctions. Hopkins is cautioned, however, that there are very limited circumstances to attack a final judgment, which are discussed above, and he should not make any further motions in this matter unless he can satisfy one of the limited grounds provided for under Fed. R. Civ. P. 60(b)(4)-(6). Filing of future meritless motions in this matter may result in the imposition of sanctions against Hopkins.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Prosecution of Pending Litigation (DN 72) and Defendant's Motion to Strike or Seal and Impose Sanctions (DN 73) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

July 9, 2019

cc: counsel of record
William S. Hopkins, *pro se*